IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN THOMPSON | ) |
|  | ) **COMPLAINT** |
| Plaintiff, | ) |
| v. | ) Case No.: 4:19-cv-911 |
|  | ) |
| WAKEFIELD & ASSOCIATES, INC. | ) |
|  | ) **JURY TRIAL DEMANDED** |
| and | ) |
|  | ) |
| THE WASHINGTON UNIVERSITY D/B/A | ) |
| WASHINGTON UNIVERSITY PHYSICIANS | ) |
|  | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Stephen Thompson, by and through the undersigned counsel, and for his Complaint against Defendants, Wakefield and Associates, Inc. and The Washington University d/b/a Washington University Physicians under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Missouri Merchandising Practices Act, Missouri Revised Statutes §407.010, et seq. ("MMPA"), states as follows:

## JURISDICTION

1.  This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2.  This court has supplemental jurisdiction of the state claim under 18 U.S.C. § 1367(a).

3.  Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## STANDING

4.  Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

5.  Defendants attempted to collect an alleged debt that had been discharged in

1

bankruptcy.

6. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

7. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

8. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

9. Plaintiff, Stephen Thompson (hereafter "Plaintiff"), is a natural person currently residing in St. Louis City, State of Missouri.

10. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

11. Wakefield & Associates, Inc. (hereafter "Defendant Wakefield"), is a Colorado registered corporation doing business in the State of Missouri that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in St. Louis City, Missouri. In fact, Defendant was acting as a debt collector as to the debt it attempted to collect from Plaintiff. Defendant can be served at its registered agents, Ryan E. Boettcher, 10800 E. Bethany Drive, Suite 450, Aurora, CO 80014.

12. Defendant, The Washington University d/b/a Washington University Physicians (hereafter "Defendant WASH U"), is a Missouri registered corporation doing business in the State of Missouri, and it may be served with process at its principal place of business located at One Brookings Drive, St. Louis, MO 63130.

## FACTUAL ALLEGATIONS

13. Between August 2017 and November 2017, Plaintiff visited Barnes-Jewish Hospital and received medical services from Defendant WASH U.

14. Plaintiff was seeking treatment for injuries sustained during a car accident, which caused personal injuries to Plaintiff.

15. Defendant WASH U billed Plaintiff $9,233.99 for Plaintiff's outstanding balance for the medical services (Exhibit A).

16. On June 27, 2018, Plaintiff's attorney sent correspondence on behalf of Plaintiff to Defendant WASH U. The correspondence requested a 60% settlement of Plaintiff outstanding balance of $9,233.99. Plaintiff's proposed paying Defendant WASH U $3,693.60 as payment in full of Plaintiff's account with Defendant WASH U. See Exhibit B

17. On August 17, 2018, Defendant WASH U accepted Plaintiff's settlement offer of $3,693.60 as payment in full and signed off on the settlement. See Exhibit B.

18. Plaintiff sent payment of $3,693.60 to Defendant WASH U. On November 21, 2018, Defendant WASH U cashed said payment (Exhibit C).

19. On April 3, 2019, Defendant Wakefield sent correspondence on behalf of Defendant WASH U stating defendant owed $5,146.29. See Exhibit D.

20. Both Defendants knew, or should have known, that the debt they were attempting to collect was not valid and that they were making a false representation of the character, amount, or legal status of the debt.

21. All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

22. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir. 2000).

23. Defendants' communications regarding this alleged debt were materially false, deceptive, and misleading.

24. Under the "least sophisticated consumer" standard, a gullible and naïve consumer would easily be confused as to whether or not they actually owed the alleged debt based on Defendants' collection efforts.

25. Defendants' collection efforts only served to confuse and mislead the consumer.

26. Defendant WASH U exercised control over Defendant WAKEFIELD's conduct and attempts to collect the alleged debt. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404 (3d Cir. 2000); Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508 (S.D.N.Y. 2013); See also, e.g., Plummer, 66 F. Supp. 3d at 493; Fritz v. Resurgent Cap. Servs., LP, 955 F. Supp. 2d 163, 177 (S.D.N.Y. 2013).[6]; Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006); Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011). See also, e.g., Nichols v. Niagara Credit Recovery, Inc., No. 12-cv-1068, 2013 WL 1899947, at *5 (N.D.N.Y. May

4

7, 2013); Sanchez v. Abderrahman, No. 10 Civ. 3641, 2013 WL 8170157, at *6 (E.D.N.Y. July 24, 2013).

27. Defendant WASH U is vicariously liable for Defendant Wakefield's actions as they had agency over determining the amount of the alleged debt that the debt collector, Defendant Wakefield, was allowed to attempt to collect on their behalf.

28. Defendant Wakefield would not legally be allowed to collect a certain amount on behalf of the hospital if Defendant WASH U had not in fact given them approval or agency to act on their behalf to collect the amount the hospital gave them permission to collect.

29. Upon information and belief, Defendant WASH U gave Defendant Wakefield the green light, and thus agency, to attempt to collect an invalid amount.

30. It is undisputed that the alleged debt Defendant Wakefield attempted to collect from Plaintiff in this matter was an invalid debt as the debt had been satisfied.

**COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt**

31. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

32. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

33. Defendants, through its collection efforts on a fraudulent, disputed debt, used false representations of the character, amount, or legal status of the alleged debt.

34. Defendants' collection efforts only serve to confuse and mislead the consumer.

35. Defendants' collection efforts were materially false, misleading, and deceptive.

36. Defendants' violation of § 1692e(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Stephen Thompson, prays that this Court:

A. Declare that Defendants' debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Stephen Thompson, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## COUNT II: Violations Of § 1692d, 1692e, & 1692f Of The FDCPA – Harassment or Abuse, False or Misleading Representation, & Unfair Practices

37. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

38. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

39. Defendants' communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

40. Section 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. Defendants' communications with Plaintiff were deceptive and misleading.

42. Defendants' collection activities violate 15 U.S.C. § 1692e(5), which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Stephen Thompson, prays that this Court:

    A.    Declare that Defendants' debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff Stephen Thompson, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

## COUNT III:  VIOLATIONS OF THE MISSOURI MERCHANDISING AND PRACTICES ACT

43.    Plaintiff repeats and re-alleges paragraphs 1 through 42 as fully set forth herein.

44.    Plaintiff brings this cause of action as a consumer pursuant to Missouri Revised Statute § 407.025 and 15 CSR 60-8.020.

45.    Defendants violated § 407.025 and 15 CSR 60-8.020 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect from Plaintiff an alleged debt they knew or should have known was not valid and that they were making a false representation of the character, amount, or legal status of the debt.

46.    Defendants' collection attempt represents the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not collectable at the time of its collection efforts against Plaintiff.

47.    Defendants' collection efforts were undertaken with knowledge of the invalid amount. It was unfair to Plaintiff because the subject debt was not collectible as a matter of law.

48.    Defendants' fraudulent attempt to collect an invalid alleged debt constitutes deception and unfairness in regards to its collection attempts upon Plaintiff.

49.    Defendants' confusing and deceptive collection efforts directed at Plaintiff demonstrates that Defendants regularly engages in such practices designed to mislead debtors.

50.    The MMPA was designed to protect consumers from the unfair and deceptive acts

committed by Defendants.

51. Defendants' misrepresentations are unlawful, contradicting the intent of MMPA.

52. As a direct and proximate result of defendant's deception, fraud, false pretense, misrepresentation, unfair practices and concealment, Plaintiff was induced to and did pay the statutory lien amount.

53. Plaintiff paid $3,693.60 to Defendant WASH U.

54. Defendants intended for Plaintiff to rely on its misrepresentations by using collection efforts intended to induce additional payment on an uncollectable debt.

55. It was unfair for Defendants to mislead Plaintiff into believing that he was presently obligated to make payment on the subject debt, when he was not.

56. It was unfair for Defendants to seek to collect the subject debt from Plaintiff through its misleading collection efforts.

57. Defendants intended that Plaintiff rely on its misrepresentation and Plaintiff did in fact rely on Defendants' misrepresentation as he was led to believe that he owed an amount that was invalid.

58. Defendants' demand was unfair and deceptive because it was systematically calculated to mislead Plaintiff into believing the subject debt was still owed, when in fact the subject debt was invalid.

59. Plaintiff is entitled to relief pursuant under the MMPA for the following reasons:

   a. Plaintiff has suffered actual damages in the form of $3,693.60, damaged credit report, emotional distress and time spent consulting with his attorneys as a result of Defendants' unlawful collection practice.

   b. An award of punitive damages is appropriate because Defendants' conduct was outrageous, willful and wanton, showed reckless disregard for the

Plaintiff's rights, and Plaintiff had no choice but to submit to the billing statement.

WHEREFORE, Plaintiff, Stephen Thompson, respectfully requests that this Honorable Court enter judgment in his favor as follows:

A. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

B. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

C. Ordering the deletion of adverse credit reporting, if any, related to the debt;

D. Awarding Plaintiff's costs and reasonable attorney fees pursuant to the MMPA;

E. Awarding any other relief as this Honorable Court deems just and appropriate.

## JURY DEMAND

60. Plaintiff demands a trial by jury on all Counts so triable.

Dated: April 12, 2019

                                          Respectfully Submitted,

                                          **HALVORSEN KLOTE**

                                          **/s/ Gregory M. Klote**

By: _____

                                          Gregory M. Klote, #66888
                                          Joel S. Halvorsen, #67032
                                          Gregory S. Motil, #67184
                                          680 Craig Road
                                          Suite 104
                                          St. Louis, MO  63141
                                          P: (314) 451-1314
                                          F: (314) 787-4323
                                          greg@hklawstl.com
                                          joel@hklawstl.com
                                          gmotil@hklawstl.com
                                          *Attorneys for Plaintiff*